IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FILED**

At Albuquerque NM

AUG 1 8 2011

MATTHEW J. DYKMAN
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Cr. No.  10-3104 BB |
| | ) |
| PAUL BEEBE, | ) |
| | ) |
| Defendant. | ) |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following

agreement between the United States Attorney for the District of New Mexico, the United States

Department of Justice, Civil Rights Division, the Defendant, PAUL BEEBE, and the Defendant's

counsel, MICHAEL V. DAVIS:

### REPRESENTATION BY COUNSEL

1.     The Defendant understands the Defendant's right to be represented by an attorney

and is so represented.  The Defendant has thoroughly reviewed all aspects of this case with the

Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2.     The Defendant further understands the Defendant's rights:

a.     to plead not guilty, or having already so pleaded, to persist in that plea;

b.     to have a trial by jury; and

c.     at a trial:

1)     to confront and cross-examine adverse witnesses,

2)      to be protected from compelled self-incrimination,

3)      to testify and present evidence on the Defendant's own behalf, and

4)      to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.      The Defendant agrees to waive these rights and to plead guilty to Count 2 of the

Indictment, charging a violation of 18 U.S.C. § 249, the Matthew Shepard and James Byrd Jr.

Hate Crimes Prevention Act.  The Defendant enters a conditional plea of guilty pursuant to Rule

11(a)(2), Fed. R. Crim. P., reserving the right to litigate the constitutionality of 18 U.S.C. § 249

through the trial court and the appellate courts.  If successful on his constitutional challenge on

appeal, the Defendant shall have the right to withdraw the plea.

## SENTENCING

4.      The Defendant understands that the maximum penalty the Court can impose is:

a.      imprisonment for a period of not nor more than ten (10) years;

b.      a fine not to exceed the greater of $250,000.00 or twice the pecuniary gain

to the defendant or pecuniary loss to the victim;

c.      a mandatory term of supervised release of not more than three (3) years

that must follow any term of imprisonment.  (If the Defendant serves a

term of imprisonment, is then released on supervised release, and violates

the conditions of supervised release, the Defendant's supervised release

could be revoked -- even on the last day of the term -- and the Defendant

could then be returned to another period of incarceration and a new term of

supervised release.);

      d.     a mandatory special penalty assessment of $100.00; and

      e.     restitution as may be ordered by the Court.

      f.     Pursuant to U.S.S.G. § 5G1.3(c), the parties stipulate and agree that the stipulated sentence of one hundred-two (102) months imprisonment shall run concurrent with the term of imprisonment to be imposed in *State of New Mexico v. Paul Beebe*, D-1116-CR-201000479, with the sentences to be served in the custody of the Bureau of Prisons and not in the New Mexico Department of Corrections.

5.     The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that a specific sentence of 102 months is the appropriate disposition of the case.

6.     The parties agree that, as part of the Defendant's sentence, the Court will enter an order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A.

7.     The United States reserves the right to make known to the United States Pretrial Services and Probation Office and to the Court, for inclusion in the presentence report to be prepared under Federal Rule of Criminal Procedure 32 any information the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under U.S.S.G. § 1B1.3.

## DEFENDANT'S ADMISSION OF FACTS

8.     By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense to which I am pleading guilty. I recognize and

accept responsibility for my criminal conduct.  Moreover, in pleading guilty, I acknowledge that

if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient

to establish my guilt of the offense to which I am pleading guilty beyond a reasonable doubt.  I

specifically admit the following facts related to the charges against me, and declare under penalty

of perjury that all of these facts are true and correct:

In April, 2010 I was employed at McDonald's Restaurant in Farmington, New Mexico

along with co-defendants Jesse Sanford ("Sanford") and William Hatch ("Hatch").  Occasionally

I gave Hatch rides to and from work and Sanford and I frequently spent time at my apartment.  I

had Nazi and other White Supremacist paraphernalia at my apartment, including a Nazi flag

hanging in my bedroom and a dream catcher with a swastika in it hanging above my bed.

On April 29, 2010, while working at McDonald's, an individual later known to me as

V.K. came into the restaurant.  He was looking for a place to stay and I offered to allow him to

stay at my apartment.  When I got off work, V.K. went with me to my apartment.

Later in the evening, Hatch and Sanford drove to my apartment in Sanford's car.  Before

they got there, V.K. had fallen asleep on my couch.  I have a set of house rules that requires that

if anybody falls asleep before 2:00 a.m., then we are allowed to draw on them.  Since V.K. was

violating my house rules by falling asleep before 2:00 a.m., Hatch and I begin drawing on V.K.'s

face and neck.  At the time, I was using a red marker, Hatch was using a black marker, and

Sanford's marker was blue.  While we were drawing on V.K., he woke up.  At that time, Sanford,

Hatch, and I then talked with V.K. about giving him a haircut.

V.K. then sat in a chair in the kitchen while Hatch gave him a haircut.  The haircut

included a circle and a swastika within that circle.  I also drew a swastika on V.K.  No one told

V.K. what was shaved into the back of his head.  Hatch then shaved V.K.'s eyebrows off and used a black marker to draw one (1) thick one in their place.

V.K. had a child-like fascination with my many tattoos, and he asked if I could tattoo him.  When Sanford and I told V.K. that we did not have tattoo equipment in the apartment, V.K. asked about "what they do to cows?"  After V.K. mentioned this, both Sanford and I decided that we would give V.K. a "brand."  Sanford and I further decided that we needed "consent" in order to brand V.K..  Using the video, we were able to coerce V.K. to "ask" to be branded, so that our racially-motivated assault appeared to be consensual.

I then sat V.K. in a chair in the kitchen.  I fashioned a wire hanger into the shape of a half swastika, and then I used the kitchen stove to heat the hanger.  While Sanford and Hatch stood by securing V.K., who sat with a towel in his mouth, I twice applied the heated wire hanger to V.K.'s bare right arm, causing his flesh to burn and scar, and branding him with a swastika.  In so doing, I willfully and intentionally caused bodily injury to V.K., who is Native American, because of V.K.'s race, color, and national origin.  Moreover, all of my actions were done in concert with, and with the express approval of, Jesse Sanford and William Hatch.  Afterwards, Sanford used his cellular phone to record a video of the swastika "brand" on V.K.'s arm.

9.      By signing this agreement, both the Government and the defendant stipulate and agree that the above facts are true, and that they set forth a sufficient factual basis for the crime to which the defendant is pleading guilty.  Both the Government and the defendant also agree that this factual basis does not contain all of the relevant information known to the defendant.  This is a sufficient factual basis, but it is not an exhaustive statement by the defendant for each element of the crime to which the Defendant will plead guilty.  The Defendant agrees that the Court may

5

rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

10.     The United States and the Defendant stipulate as follows:

    a.     As of the date of this agreement, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. Consequently, pursuant to U.S.S.G. § 3E1.1, so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct, the Defendant is entitled to a reduction of three (3) levels from the base offense level as calculated under the sentencing guidelines.

    b.     Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

6

11.     The Defendant understands that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within the discretion of the Court after it has reviewed the presentence report.

## DEFENDANT'S ADDITIONAL OBLIGATIONS

12.     The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

## FORFEITURE

13.     The Defendant agrees to forfeit, and hereby forfeits, whatever interest the Defendant may have in any asset derived from or used in the commission of the offense in this case.  The Defendant agrees to cooperate fully in helping the United States (a) to locate and identify any such assets and (b) to the extent possible, to obtain possession and/or ownership of all or part of any such assets.  The Defendant further agrees to cooperate fully in helping the United States locate, identify, and obtain possession and/or ownership of any other assets about which the Defendant may have knowledge that were derived from or used in the commission of offenses committed by other persons.

## WAIVER OF APPEAL RIGHTS

14.     The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a Defendant the right to appeal a conviction and the sentence imposed.  Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence at or under the maximum statutory penalty authorized by law, except as provided in paragraph 3

in this agreement preserving the right to litigate an appeal of the constitutionality of 18 U.S.C. §

249.  In addition, the Defendant agrees to waive any collateral attack to the Defendant's

conviction(s) pursuant to 28 U.S.C. § 2255, except on the issue of counsel's ineffective

assistance in negotiating or entering this plea or this waiver.

## GOVERNMENT'S AGREEMENT

15.    Provided that the Defendant fulfills the Defendant's obligations as set out above,

the United States agrees that:

> a.    Following sentencing, the United States will move to dismiss Count 1 of
>
> the indictment, as to the defendant, pending in this matter.
>
> b.    The United States will not bring additional criminal charges against the
>
> Defendant arising out of the facts forming the basis of the present
>
> information.

16.    This agreement is limited to the United States Attorney's Office for the District of

New Mexico and the United States Department of Justice Civil Rights Division, and does not

bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

17.    The Defendant agrees and represents that this plea of guilty is freely and

voluntarily made and is not the result of force, threats, or promises (other than the promises set

forth in this agreement).  There have been no promises from anyone as to what sentence the

Court will impose, except for the agreement in paragraph 5 above.  The Defendant also

represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

18.     The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

19.     At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $ 100.00 in payment of the special penalty assessment described above.

9

## ENTIRETY OF AGREEMENT

20.     This document is a complete statement of the agreement in this case and may not

be altered unless done so in writing and signed by all parties.

AGREED TO AND SIGNED this *18th* day of August, 2011.

KENNETH J. GONZALES
United States Attorney

ROBERTO D. ORTEGA
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico  87102
(505) 346-7274

THOMAS E. PEREZ
Assistant Attorney General
U.S. Department of Justice
Civil Rights Division

GERARD V. HOGAN
Special Litigation Counsel
U.S. Department of Justice
Civil Rights Division, Criminal Section

FARA GOLD
Trial Attorney
U.S. Department of Justice
Civil Rights Division, Criminal Section

I am PAUL BEEBE'S attorney. I have carefully discussed every part of this Agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this Agreement. To my knowledge, my client's decision to enter into this Agreement is an informed and voluntary one.

MICHAEL V. DAVIS
Attorney for the Defendant

This Agreement has been read to me in the language I understand best, and I have carefully discussed every part of it with my attorney. I understand the terms of this Agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this Agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this Agreement. Finally, I am satisfied with the representation of my attorney in this matter.

PAUL BEEBE
Defendant

11